IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHESTER O'QUINN, K92939, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 14-cv-00407-JPG-PMF |
| CHAPMAN, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 52) of Magistrate Judge Philip M. Frazier with regard to Defendant Chapman's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 34). Plaintiff filed a timely Objection (Doc. 53).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). As the Plaintiff has filed an objection, the Court will review the R & R *de novo*.

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the

evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

Inmates bringing an action under 42 U.S.C. § 1983 with respect to prison conditions must first exhaust all administrative remedies that may be available to them before filing a lawsuit. 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). The Seventh Circuit has taken a strict compliance approach to exhaustion. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Inmates must follow all grievance rules established by the correctional authority. *Id*.

Defendant Chapman argues that the Plaintiff failed to exhaust his administrative remedies with regard to the single count of Plaintiff's amended complaint which alleges deliberate indifference to Plaintiff's serious dental needs during the period 2013-2014.

Plaintiff's first objection states that the Defendant should not have been allowed to file a reply brief since no exception circumstances were present. (Doc. 53, pg 1). Although disfavored, it is within the Court's discretion to consider a reply brief and the Plaintiff could have motioned to supplement his response if he believed it necessary. Local Rule 7.1.

Next, Plaintiff alleges that he does not have to wait for the exhaustion prior to filing suit where there is an emergency need or situation. Plaintiff argues that when there is an immediate need or emergency situation, there is no adequate remedy available besides filing suit and seeking a preliminary injunction.

It is clear that the Prison Litigation Reform Act of 1995("PLRA"), 110 Stat. 1321–71, as amended, 42 U.S.C. § 1997e *et seq.*, require that exhaustion of administrative remedies is mandatory before a prisoner may challenge the conditions of their confinement. *See also Woodford v. Ngo*, 548 U.S. 81, 84 (2006).

Plaintiff filed a single, non-emergency grievance, and failed to file any emergency grievances which may have been resolved prior to the filing of this suit. Numerous "requests and letters" do not fall within the procedural process that prisoners are required to follow in order to exhaust administrative remedies.

Plaintiff also argues that his failure to complete the grievance process was known to the Court at the time of the filing of the suit and the Court should have dismissed it at threshold without prejudice to allow him to complete the grievance procedure. Per this Court's Order (Doc. 1), Plaintiff's Amended Complaint narrowly escaped dismissal under Federal Rule of Civil Procedure 8. The purpose of the preliminary review pursuant to 28 U.S.C. § 1915(A) is to filter out nonmeritorious claims. The issue of exhaustion is a discovery issue and not one that is addressed within the 28 U.S.C. § 1915(A) review.

Finally, the Court notes that Plaintiff's Objection (Doc. 53) also contains the following requests:

    a. Interlocutory appeal on the issue of exhaustion;

    b. Appointment of counsel for the appeal; and/or

    c. An abeyance (or stay) of this matter for one year.

Judgment in this matter is a final order and therefore, appealable. As such, the request for an interlocutory appeal is moot. Plaintiff may request counsel for appeal, but such a request would need to be in the form of a separate motion. Finally, the request for an abeyance or stay is also moot since exhaustion of administrative remedies must be completed prior to filing suit and any additional delay in the deposition of this matter would not eliminate or change that requirement.

Plaintiff, by his own admission, failed to exhaust his administrative remedies. Accordingly, the Court hereby **ADOPTS** the Report and Recommendation in its entirety (Doc. 52) and Defendant Chapman's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 34) is **GRANTED**. This matter is **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to entered judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** 6/30/2015

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**